```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHRISTOPHER WARBURTON,                                      :
                                       Plaintiff,           :
                                                            :          14-CV-9170 (JPO)
                 -v-                                        :
                                                            :          OPINION AND ORDER
JOHN JAY COLLEGE OF CRIMINAL                                :
JUSTICE OF THE CITY UNIVERSITY OF                           :
NEW YORK,                                                   :
                                       Defendant.           :
                                                            X
-------------------------------------------------------------
```

J. PAUL OETKEN, District Judge:

Plaintiff Christopher Warburton brought this suit in New York Supreme Court for New York County against Defendant John Jay College of Criminal Justice ("John Jay"), a senior college of the City University of New York ("CUNY"),[1] alleging a violation of 42 U.S.C. § 1981. CUNY removed the action to this Court under 28 U.S.C. § 1441(a). (Dkt. No. 1.) Warburton then amended his Complaint to remove the § 1981 cause of action and to add causes of action under §§ 1983 and 1985. (Dkt. No. 7.) CUNY moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); Warburton moves to remand the case to state court under 28 U.S.C. § 1447(c) and, alternatively, for leave to amend his complaint. For the reasons that follow, Warburton's motion to remand is denied; CUNY's motion to dismiss is granted; and Warburton's motion for leave to amend is granted.

---

[1] John Jay College of Criminal Justice is not an entity that can be sued; its parent CUNY is. *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam) (holding that CUNY "is a separate corporate body" under New York law, and that the colleges of which CUNY is composed "do[] not appear to be . . . legally cognizable entit[ies] apart from CUNY"). Thus, the Court construes the complaint to name CUNY as the Defendant in this case.

I.     **Background**[2]

Warburton, who is African American, was an assistant professor in the Economics Department (the "Department") at John Jay from 2006 to 2012.  (Dkt. No. 7, Amended Complaint ¶¶ 6, 16, 19.)  For his first three years at John Jay, Warburton received positive feedback from his students and colleagues; he never received any negative feedback or discipline.  (*Id.* ¶¶ 7–10.)  At some point during his time at John Jay, Warburton was a member of the Department's hiring committee.  (*Id.* ¶ 11.)  He "became concerned that the search committee was making race[-]influenced hiring decisions" (*id.* ¶ 12), and so he resigned his membership on the committee (*id.* ¶ 13).  As the only African American faculty member at John Jay, Warburton was "subjected to constant harassment by the Department's Chairs."  (*Id.* ¶ 14.)

On October 17, 2011, Warburton's personnel file "disappeared from the Provost's office."  (*Id.* ¶ 15.)  "While most of the file was re-constituted[,] student evaluations were permanently lost.  This was significant since student evaluations were uniformly good."  (*Id.* ¶ 15.)  On February 21, 2012, Warburton applied for reappointment "with tenure and promotion."  (*Id.* ¶ 16.)  On September 10, 2012, he "requested the College counsel to investigate the race discrimination taken against him by Joan Hoffman, the Department's former chair, and Jay Hamilton, the Department's current chair."  (*Id.* ¶ 17.)  On November 6, 2012, Warburton received notice that the Tenure Review Subcommittee of the Faculty Personnel Committee had approved him for reappointment with tenure.  (*Id.* ¶ 18.)  But on November 20, 2012, Warburton received a letter from the President of John Jay saying that the Committee's decision had been reversed.  (*Id.* ¶ 19.)

---

[2] The following allegations are taken from the Complaint and are assumed to be true for the purposes of these motions.

**II.        Discussion**

Warburton moves to remand this case to state court on the ground that this Court lacks jurisdiction because CUNY has raised a defense under the Eleventh Amendment.  CUNY argues that this Court retains jurisdiction and moves to dismiss the action on the grounds that (1) CUNY is not a suable "person" within the meaning of §§ 1983 and 1985; (2) CUNY is entitled to sovereign immunity regardless; (3) the suit is barred by collateral estoppel; and (4) the suit fails to state a claim on which relief can be granted.  Warburton moves to amend his Amended Complaint to add allegations against several individual officers of CUNY.

**A.        Warburton's Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (2009)).  Warburton, in his original state court complaint, asserted a cause of action arising under 42 U.S.C. § 1981, and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Warburton argues that this Court lacks jurisdiction over this action because CUNY asserts an Eleventh Amendment defense.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  "While the Amendment by its terms does not bar suits against a State by its own citizens, the Supreme Court has

3

consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *George v. Rockland State Psychiatric Ctr.*, No. 10 Civ. 8091 (NSR), 2014 WL 5410059, at *4 (S.D.N.Y. Oct. 23, 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)) (internal quotation marks and brackets omitted). Furthermore, "[t]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted).

"While the Eleventh Amendment was traditionally viewed as being jurisdictional, that princip[le] has been called into question" in more recent case law from the Supreme Court and the Second Circuit. *Relf-Davis v. NYS Dep't of Educ.*, No. 13 Civ. 3717 (PAC), 2015 WL 109822, at *6 (S.D.N.Y. Jan. 7, 2015). Warburton cites only *Wolpoff v. Cuomo*, 792 F. Supp. 964 (S.D.N.Y. 1992), in support of his argument that CUNY's assertion of a sovereign immunity defense requires remand. In that case, the court considered an action against state officers under the New York State Constitution. The court ruled that the statute under which removal was sought, 28 U.S.C. § 1443(2), did not abrogate New York's sovereign immunity; accordingly, it held, that the case—a "suit[] that seek[s] to enforce state law against state officers"—was barred by the Eleventh Amendment. *Wolpoff*, 792 F. Supp. at 966. The court held that "the eleventh amendment forbids [the court] from retaining jurisdiction over" the case, and accordingly, it remanded the case to New York Supreme Court. *Id.* Here, Warburton brought only a federal claim in his initial complaint, and the case was removed under a different statute—both potential grounds for distinction.[3]

---

[3] Additionally, some courts have concluded that a state party's removal of a federal claim to federal court constitutes a waiver of its Eleventh Amendment immunity. *See, e.g., Embury v.*

4

But even if *Wolpoff* supports Warburton's position, that case was decided before several other cases that weaken its rationale. The Supreme Court has since explained that "[w]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings, we have recognized that it is not coextensive with the limitations on judicial power in Article III." *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). And the Second Circuit, although recognizing that it is "an open question" whether Eleventh Amendment immunity deprives a federal court of jurisdiction over suits against the states, has said that its cases are "more consistent with the understanding that sovereign immunity [is] an affirmative defense" than the understanding that it is a jurisdictional bar. *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Woods*, 466 F.3d at 237–39). Indeed, the Supreme Court has explicitly held that courts may decide the question whether a statute permits suit against a state before turning to an Eleventh Amendment sovereign immunity issue, strongly suggesting that the Eleventh Amendment does not divest courts of jurisdiction *ab initio*. *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778–80 (2000); *see also Lapides v. Bd. of Regents*, 535 U.S. 613, 617–18 (2002) (following a similar order of decision where a state agency had removed the

---

*King*, 361 F.3d 562, 564 (9th Cir. 2004) (holding that, "[b]y removing the case to federal court, the State waived its Eleventh Amendment immunity from suit in federal court," for both federal and state law claims); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("A state . . . may waive its Eleventh Amendment immunity . . . by voluntarily invoking federal jurisdiction, as when the state itself brings a federal suit or removes a case from state to federal court." (dicta) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 618–20, 624 (2002); *In re Charter Oak Assocs.*, 361 F.3d 760, 767–70 (2d Cir. 2004)). However, it has not yet been decided in this circuit how broadly the waiver principle reaches in varying circumstances of a state's removal, and the circuits have split on this question. *See Coniff v. Vermont*, No. 2:10-CV-32, 2013 WL 5429428, at *6–8 (D. Vt. Sept. 30, 2013) (discussing case law). Of course, such a waiver of Eleventh Amendment immunity would decisively undercut Warburton's subject matter jurisdiction argument. Because the Court rules on other grounds, however, it does not reach this question.

case to federal court). Thus, the weight of the authority suggests that this Court can rule on CUNY's motion to dismiss and on Warburton's motion to amend notwithstanding CUNY's assertion of a sovereign immunity defense. Therefore, Warburton's motion to remand is denied.

### B. CUNY's Motion to Dismiss

CUNY moves to dismiss this action on the ground that it is not a "person" within the meaning of 42 U.S.C. §§ 1983 and 1985 and therefore cannot be sued under those statutes.

Sections 1983 and 1985 provide a cause of action against "persons" who violate constitutional rights. States and their agencies, however, are not "persons" subject to suit under these statutes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (concluding that § 1983 does not provide a cause of action against the state or its officials in their official capacities); *Komlosi v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995) ("It is now settled that a state cannot be sued under § 1983, and that this rule applies to States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes." (citation and some internal quotation marks omitted)); *Zhong Kun Ding v. Bendo*, No. 03 Civ. 1237, 2006 WL 752824, at *4 n.2 (E.D.N.Y. Mar. 23, 2006) ("[I]t is well-settled that a State and its instrumentalities are not 'persons' subject to suit under § 1983, and there is no reason to suspect that Congress intended the term 'persons' to take on a different meaning in § 1985." (citation omitted)). Neither John Jay nor CUNY is a person. *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 83 (2d Cir. 2004) (per curiam) (holding that "a CUNY senior college . . . is an 'arm of the state'" for purposes of Eleventh Amendment immunity); *see also Rush v. Fischer*, 923 F. Supp. 2d 545, 548 n.2 (S.D.N.Y. 2013) (holding that state agencies "are not 'persons' subject to liability under § 1983"). CUNY's motion to dismiss is therefore granted.

### C. Warburton's Motion to Amend

Finally, Warburton seeks leave to amend his complaint to, *inter alia*, add allegations against several individual defendants at CUNY. Although these individuals are not represented in this proceeding, CUNY argues in its memorandum of law in support of its motion to dismiss that this entire action is barred by the doctrine of collateral estoppel because Warburton filed a complaint with the New York State Division of Human Rights ("SDHR") concerning his allegations here that was resolved against him. However, dismissal under Rule 12(b)(6) on collateral estoppel grounds is proper only where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). The analysis of whether a party had a "full and fair opportunity to litigate" an issue in a SDHR proceeding requires consideration of "the nature of the procedure followed by the DHR in investigating [the] claim," *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 734 (2d Cir. 2001)—a question that the Court cannot reach at the present stage.

Because leave to amend shall be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and because it is not clear at this stage that Warburton cannot overcome a potential collateral estoppel bar, Warburton may amend his complaint to add allegations against the individual defendants.

### III. Conclusion

For the foregoing reasons, Warburton's motion to remand is DENIED; CUNY's motion to dismiss is GRANTED; and Warburton's motion for leave to amend is GRANTED. Warburton shall file an amended complaint, if any, on or before July 29, 2015. If he fails to do so, the dismissal of this action will be with prejudice and the case closed.

The Clerk of the Court is directed to close the motions at docket numbers 10 and 13.

SO ORDERED.

Dated: June 29, 2015
New York, New York

_____
J. PAUL OETKEN
United States District Judge